Judgment reversed, new trial ordered, costs to appellant to abide event.

---

WILLIAM E. BAILEY, Appellant, *v.* PERCY W. MILES, Respondent.

*Preference — a motion therefor not denied for* laches, *although the case is not noticed for trial at the first term after issue joined.*

The omission to notice a cause pending in the first judicial district for the first term of court after it is at issue, is not such *laches* as will preclude the plaintiff, after noticing it for the succeeding term, from making a motion under rule 6 of the SpecialRules for Trial Terms of the Supreme Court in the first judicial district, to have the cause placed upon the preferred calendar.

APPEAL by the plaintiff, William E. Bailey, from an order of the Supreme Court, made at the New York Trial Term and entered in

the office of the clerk of the county of New York on the 15th day of November, 1899, denying his motion to place this cause upon the preferred calendar.

*Leopold Leo*, for the appellant.

No appearance for the respondent.

INGRAHAM, J.:

The action was upon an instrument, in writing, whereby the defendant assigned to the plaintiff $5,000 " of whatever sum I shall receive, or be entitled to, out of the estate of the late George Ledger." The case was at issue August 1, 1899, but does not seem to have been noticed for the October Term. It was, however, noticed for the November Term, and a motion was noticed for the first day of that term by the plaintiff, under rule 6 of the Special Rules for the Trial Terms of the Supreme Court in the First Judicial District, to place the cause upon the preferred calendar. In opposition to this notice an affidavit was presented stating that the defendant was in Europe; that the action could not be tried in less than a half-day; that the defendant was a material necessary witness on his own behalf. The motion was denied by the court upon the ground that the plaintiff had been guilty of *laches* in applying for preference. The question as to whether or not the action could be disposed of in two hours, or whether the cause should be placed upon the preferred calendar in the absence of the defendant, was not disposed of by the court. We think the learned judge erred in holding that there was *laches* which defeated the plaintiff's right to move to place the cause upon the preferred calendar under the rule. There is nothing in the practice which requires a party to notice his cause for trial for the first term after it shall be at issue, or imposing any penalty upon the plaintiff for a failure to so notice it. The defendant could have noticed the cause for the October Term, and it might be that if the cause had been so noticed by the defendant, and the plaintiff had desired a preference, he should have made his motion for the first day of such term. The omission to notice the cause for the October Term did not justify the court in refusing to consider the application of the plaintiff and determine whether the case came within the provision of rule 6.

The order should be reversed, with ten dollars costs and disbursements, and the motion remitted to the Trial Term to be determined upon the merits.

VAN BRUNT, P. J., RUMSEY and O'BRIEN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion remitted to Trial Term to be determined upon the merits.